JUL 07 2005
ATTORNEY GENERAL
OF
ARKANSAS

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
ELEVENTH JUDICIAL DISTRICT, WEST, FIFTH DIVISION

YITSHAK ABBA MARTA                                                    PLAINTIFF/PETITIONER

V.                                    NO. CV-2005-380-5

LARRY NORRIS, Director
Arkansas Department of Correction                                     DEFENDANT/RESPONDENT

## ORDER DISMISSING PETITION

Now on this day comes on this matter for consideration on the Petitioner's Petition for Writ of Habeas Corpus filed May 23, 2005, and the Response to Petition for Writ of Habeas Corpus, by Assistant Attorney General Brent P. Gasper, filed June 15, 2005, and from examination of the pleadings and all other things and matters before the Court, doth find:

To succeed on a petition for writ of habeas corpus, Petitioner must show that the Judgment and Commitment Order is invalid on its face or that the trial court lacked jurisdiction, *Davis v. Reed*, 316 Ark. 575, 577, 873 S.W.2d 624, 525 (1994); *Wallace v Willock*, 301 Ark. 69, 781 S.W.2d 478 (1989). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe he is illegally detained. *Mackey v Lockhart*, 307 Ark. 321, 323, 819 S.W.2d 702, 704; Ark Code Ann. 16-112-103 (1987).

The allegations raised by Petitioner do not demonstrate that the trial court lacked jurisdiction or that the commitment is invalid on its face. The trial court had personal jurisdiction over Petitioner and jurisdiction over the subject matter thus, had the authority to render the judgment. *See Johnson v State*, 298 Ark. 479, 769 S.W.2d3 (1989); *Richie v. State*, 298 Ark. 358, 767 S.W.2d 522 (1989).

FILED

JUN 2 8 2005

FLORA G. COOK
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

Petitioner has not stated any facts or advanced any evidence to support his claim that the circuit court was without jurisdiction to try him or that his judgment and commitment order is invalid on its face.

Therefore, pursuant to Rule 12 (b)(6) of the Arkansas Rules of Civil Procedure, the petition is hereby **dismissed with prejudice.**

That such dismissal shall be considered a **"strike"** within the meaning of A.C.A. 16-68-607.

IT IS SO ORDERED this 27 day of JUNE, 2005.

_____
ROBERT H. WYATT, JR.
CIRCUIT JUDGE

xc: Mr. Yitzhak Abba Marta, ADC # 102554
Arkansas Department of Correction
Tucker Maximum Security Unit
2501 State Farm Road
Tucker, AR 72168-9503

Mr. Brent P. Gasper
Assistant Attorney General
State of Arkansas
323 Center, Suite 200
Little Rock, AR 72201